# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KABIR ELOHIM ISREAL, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WISCONSIN, <br><br> Defendant. | Case No. 23-CV-725-JPS <br><br><br> **ORDER** |

On June 6, 2023, Plaintiff Kabir Elohim Isreal ("Plaintiff") filed this action, ECF No. 1, and on June 22, 2023, filed a motion to proceed without prepayment of the filing fee, ECF No. 4. On July 7, 2023, the Court screened Plaintiff's complaint. ECF No. 7. The Court denied Plaintiff's motion to proceed without prepayment of the filing fee without prejudice and ordered Plaintiff to file an amended complaint to cure the myriad deficiencies the Court observed in the complaint. *Id.* On July 28, 2023, Plaintiff filed an amended complaint and paid the full filing fee. ECF No. 8.

While the Court typically reserves the exercise of screening a complaint for those situations where the litigant proceeds without prepayment of the filing fee, the Court may nevertheless choose to screen a complaint—or in this case, an amended complaint—for which the filing fee has been paid where such complaint presents obvious issues with pleading and/or frivolity. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and

service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). The Court will do so in this case.

In its initial screening order, the Court found Plaintiff's allegations that he is a "stateless refugee and ambassador of [his] exiled nation," and that the State does not have jurisdiction over him to charge him with a crime, suggestive of so-called sovereign citizenship, which claims the Seventh Circuit has "repeatedly rejected." ECF No. 7 at 4–5 (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). Specifically, by requesting that his State criminal case be dismissed because he was negligently—and without jurisdiction—charged under the name "Londale Quintae Strickling" and not the name "Kabir Elohim Isreal," Plaintiff failed to state a claim. *Id.* (citing *United States v. White*, No. 2:21-CR-144 JD, 2023 WL 418377, at *1 (N.D. Ind. Jan. 26, 2023) ("[Plaintiff] may believe that he is a 'sovereign citizen' who exists outside the reach of this Court's authority. He may also believe that his invocation of 'sovereign-citizen' status strips this Court of authority. But a manifested belief does not always correspond with reality.")). The Court afforded Plaintiff leave to amend his complaint to the extent he sought to bring, for example, a 42 U.S.C. § 1983 claim related to his State criminal case, while also explaining that the doctrines of sovereign immunity and *Younger* abstention may come into play. *Id.* at 6 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

Notwithstanding Plaintiff's protest that he is not a sovereign citizen, but rather "an ambassador of the Biblical Nation of Israel" and a "stateless refugee," Plaintiff's amended complaint continues to request that his State criminal case be dismissed because charging him under the name "Londale Quintae Strickling" "forfeit[s] [his] right to self-govern." ECF No. 8 at 6; *id.*

(questioning the State's "presumption of jurisdiction"). Plaintiff makes no effort to plead a viable suit or to remedy any of the deficiencies the Court observed in its screening order. Simply put, Plaintiff continues to plead claims the Seventh Circuit has "repeatedly rejected." *Benabe*, 654 F.3d at 757; *Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017) (same). Therefore, the Court will dismiss this case with prejudice as legally frivolous. *Kayin El v. USA*, No. 17-CV-1398-SMY, 2018 WL 659194, at *4 (S.D. Ill. Feb. 1, 2018) (dismissal of sovereign citizen claim to operate "with prejudice as legally frivolous").

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** as legally frivolous.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight**

> **(28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.